**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2659-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RONALD RUTAN,

     Defendant-Appellant.

_____

Submitted November 7, 2024 – Decided November 26, 2024

Before Judges Rose and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 92-03-0447.

Jennifer N. Selletti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (Ian C. Kennedy, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Ronald Rutan appeals from the March 24, 2023 order of the Law Division denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

On New Year's Eve in 1991, defendant and his codefendant escaped from a maximum-security prison in Connecticut. They committed a carjacking outside the prison and fled, eventually hiding out in a hotel in Nanuet, New York, a short distance from the New Jersey border. On January 7 and 9, 1992, the pair crossed into Bergen County and committed several armed robberies. Defendant was captured about a week later.

A grand jury indicted defendant, charging him with: (1) five counts of first-degree robbery, N.J.S.A. 2C:15-1; (2) two counts of third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); and (3) two counts of fourth-degree possession of a knife under circumstances not manifestly appropriate for lawful use, N.J.S.A. 2C:39-5(d). In March 1996, a jury found defendant guilty on all counts in the indictment.

The trial court sentenced defendant to an extended term as a persistent offender, N.J.S.A. 2C:44-3(a), for an armed robbery in Rutherford, and imposed an aggregate one-hundred-year term of imprisonment with a forty-six-

year period of parole ineligibility. The controlling sentences were a sixty-year term of imprisonment with a twenty-six-year period of parole ineligibility for the Rutherford armed robbery, a consecutive twenty-year term of incarceration, with a ten-year period of parole ineligibility for an armed robbery in Montvale, and a consecutive twenty-year term of incarceration, with a ten-year period of parole ineligibility for an armed robbery in Waldwick. Defendant's sentence was imposed consecutively to the sentence he was serving in Connecticut when he escaped.

We affirmed defendant's convictions. State v. Rutan, No. A-5587-95 (App. Div. Apr. 23, 1998). However, we remanded for resentencing, directing the trial court to explain its reasoning for imposing consecutive sentences on the New Jersey convictions and to reduce the period of parole ineligibility on the Rutherford armed robbery to twenty-five years. Id. slip op. at 15. The Supreme Court denied defendant's petition for certification. State v. Rutan, 155 N.J. 587 (1998).

Resentencing did not take place until November 18, 2016, because defendant was serving his Connecticut prison sentence. The court resentenced defendant to a sixty-year term of incarceration with a twenty-five-year period of parole ineligibility on the Rutherford armed robbery, consecutively to a

A-2659-22

fifteen-year sentence with a seven-year period of parole ineligibility on the Waldwick armed robbery. The court ran the prison terms on the remaining robbery counts concurrently to the sentence on the Rutherford armed robbery and concurrently to each other. The court did not address the statutory aggravating and mitigating factors, provide reasons for imposing an extended term for the Rutherford armed robbery, or apply State v. Yarbough, 100 N.J. 627 (1985).

On October 30, 2018, we again remanded to the sentencing court to provide a more detailed statement of reasons for the sentence, including findings on the aggravating and mitigating factors, as well as reasons for imposing an extended term. State v. Rutan, No. A-2784-17 (App. Div. Oct. 30, 2018).

On December 14, 2018, the court resentenced defendant. The court imposed the same aggregate sentence that it imposed in 2016 and provided more detailed findings with respect to the aggravating and mitigating factors and its reasons for imposing an extended term for the Rutherford armed robbery. The court again failed to apply Yarbough.

On October 23, 2019, we concluded the court did not provide adequate findings to support imposition of consecutive terms. State v. Rutan, No. A-

4

3172-18 (App. Div. Oct. 23, 2019). We therefore remanded the matter for resentencing for the third time.

On January 22, 2020, the court again sentenced defendant to an aggregate sixty-five-year term of incarceration with a twenty-seven-year period of parole ineligibility. The court issued a detailed written opinion setting forth its reasons for the sentence.

We affirmed defendant's sentence. State v. Rutan, No. A-4298-19 (App. Div. Feb. 8, 2021). The Supreme Court denied defendant's petition for certification. State v. Rutan, 248 N.J. 259 (2021).

On May 9, 2022, defendant filed a PCR petition. He argued his trial and appellate counsel were ineffective because they failed to: (1) object to the resentencing court's reliance on a presentencing report prepared by Connecticut for his sentencing in that State; (2) argue in support of mitigating factor ten, N.J.S.A. 2C:44-1(b)(10) ("[t]he defendant is particularly likely to respond affirmatively to probationary treatment . . . ."), that defendant was paroled by Connecticut during the eighteen-year period his resentencing was

pending; and (3) argue that an updated New Jersey presentencing report be prepared prior to his third resentencing.[1]

On March 24, 2023, the PCR court issued an oral opinion denying defendant's petition.[2] The PCR court found that defendant did not establish counsel's failure to request an updated presentence report fell below an objective standard of reasonableness, given that Rule 3:21-2 does not require a new presentence report prior to resentencing. The PCR court noted that at the third resentencing, the resentencing court stated defendant was being considered as he "stood before the court" at that time. In addition, the PCR court found that defendant failed to demonstrate an updated presentence report would have materially changed the sentence he received, which was significantly lower than the sentence originally imposed. The PCR court rejected defendant's remaining arguments as vague, conclusory, and speculative. A March 24, 2023 order memorialized the PCR court's decision.

This appeal followed. Defendant raises the following argument:

> [DEFENDANT] IS ENTITLED TO RELIEF OR AN EVIDENTIARY HEARING ON HIS CLAIM THAT [TRIAL AND APPELLATE] COUNSEL

---

[1] Defendant filed a PCR petition in 2015. The court dismissed that petition without prejudice because defendant's resentencing was then pending.

[2] The PCR judge was not the judge who resentenced defendant.

RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO ADVOCATE ADEQUATELY AT SENTENCING.

## II.

Under Rule 3:22-2(a), a defendant is entitled to PCR if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey . . . ." "A petitioner must establish the right to such relief by a preponderance of the credible evidence." State v. Preciose, 129 N.J. 451, 459 (1992). "To sustain that burden, specific facts" which "would provide the court with an adequate basis on which to rest its decision" must be articulated. State v. Mitchell, 126 N.J. 565, 579 (1992).

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee criminal defendants the right to the effective assistance of counsel. State v. O'Neil, 219 N.J. 598, 610 (2014) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987)). To succeed on a claim of ineffective assistance of counsel, the defendant must meet the two-part test established by Strickland and adopted by our Supreme Court in Fritz. 466 U.S. at 687; 105 N.J. at 58.

A-2659-22

Under Strickland, a defendant first must show that his or her attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. Counsel's performance is deficient if it "[falls] below an objective standard of reasonableness." Id. at 688.

A defendant also must show that counsel's "deficient performance prejudiced the defense[,]" id. at 687, because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[,]" id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the trial. Ibid. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697; State v. Marshall, 148 N.J. 89, 261 (1997). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

We review a judge's decision to not hold an evidentiary hearing on a PCR petition for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing Marshall, 148 N.J. at 157-58). Where the PCR

8

court has not conducted an evidentiary hearing, we review its legal and factual determinations de novo. State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020); see also State v. Nash, 212 N.J. 518, 540-41 (2013).

A hearing is required only when: (1) a defendant establishes a prima facie case in support of PCR; (2) the court determines that there are disputed issues of material fact that cannot be resolved by review of the existing record; and (3) the court determines that an evidentiary hearing is required to resolve the claims asserted. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)). "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" Id. at 355 (quoting R. 3:22-10(b)).

"[T]o establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel." Ibid. (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)). A PCR petition must be "accompanied by an affidavit or certification by defendant, or by others, setting forth with particularity[,]" State v. Jones, 219 N.J. 298, 312 (2014), "facts sufficient to demonstrate counsel's alleged

9

substandard performance[,]" <u>Porter</u>, 216 N.J. at 355 (quoting <u>Cummings</u>, 321 N.J. Super. at 170); <u>see also</u> <u>R.</u> 3:22-10(c).

Having reviewed defendant's arguments in light of the record and applicable legal principles, we affirm the March 24, 2023 order. Defendant's counsel secured a significant reduction in the sentence originally imposed. In addition, the resentencing court considered defendant as he stood before the court and found he made no showing that an updated sentencing report would have contained information not already before the court that would have resulted in an even further reduction in his sentence. Finally, defendant was subject to mandatory incarceration, rendering mitigating factor ten inapplicable. <u>See</u> <u>State v. Washington</u>, 408 N.J. Super. 564, 581 (App. Div. 2009). Thus, defendant raised no claims that would change the outcome of his resentencing hearing. Defendant cannot demonstrate that if his trial and appellant counsel had not made the errors he alleges they made he would have received a shorter sentence for his armed robbery spree.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2659-22